Patricia Joan LESLIE, Respondent,

v.

Don Ivan LESLIE, Appellant.

No. WD 32047.

Missouri Court of Appeals, Western District.

July 28, 1981.

L. E. Atherton, Milan, for appellant.

James George Spencer, Milan, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

The prosecuting attorney filed a motion to hold Don Leslie in contempt of court under § 452.345, RSMo 1978, for failure to pay child support payments. The court found Leslie in contempt and sentenced him to serve ten days in jail.

On this appeal Leslie raises a number of points, but the only matter which need be noticed is the failure of the judgment to recite the facts and circumstances constituting the contempt with particularity. Reversed and remanded.

Leslie was ordered to pay $71 per week for the support of his children on the granting of a dissolution of marriage to his wife. Payment of the child support was ordered to be made to the circuit clerk of Sullivan County. The prosecuting attorney filed an application for a citation of contempt alleging that Leslie had failed to make the required payments to the circuit clerk. Thereafter, an order to show cause was served upon Leslie as to why he should not be held in contempt for failure to pay child support.

At the hearing on the contempt it was stipulated that there was a total of $2,130 unpaid on the judgment, Leslie testified that he had been off work for high blood pressure and further that he was scheduled to appear on a petition he had filed in bankruptcy on the day following the contempt hearing.

The court entered a judgment finding Leslie in contempt because he willfully refused to pay child support in a manner and an amount stated in the decree. The judgment further recited that the case was to be continued for fixing of punishment, but that Leslie would be purged of contempt if he paid $71 per week for child support until then. When the court took up the matter again, an entry designated "sentence" was made in which it was stated that Leslie had appeared by his attorney and the court was informed that Leslie had paid $50 in child support since the previous hearing. The court then sentenced Leslie to ten days in the county jail.

In Ex Parte Brown, 530 S.W.2d 228, 231[1] (Mo. banc 1975) the court stated:

"We hold again that in contempt proceedings, whether direct or indirect, the facts and circumstances constituting the offense, not mere legal conclusions, must be recited with particularity in both the judgment of contempt and the order of commitment."

In Teefey v. Teefey, 533 S.W.2d 563, 566[3] (Mo. banc 1976) the court stated: "Criminal contempts are sometimes referred to as direct while civil contempts are described as constructive or indirect." Teefey held the contempt for failure to pay child support would be classed as civil.

Thus, contempts under § 452.345 fall under the holding in Brown that judgments and commitments in indirect or civil con-

tempts must state the facts and circumstances constituting the contempt with particularity.[1] The judgment in this case does not recite any facts or circumstances showing the contempt but only the legal conclusion that Leslie willfully failed to make the required child support payments.[2] Under *Brown* the judgment cannot stand.[3]

It should further be noted that in *In Re Marriage of Vanet*, 544 S.W.2d 236, 246[14–15] (Mo.App.1976) this court held that in these contempts the judgment must also state the amount which is in arrears so that the person found in contempt may know definitely what amount he must pay in order to prove himself.

 The punishment in this case was assessed at ten days in jail. As pointed out in *Division of Employment Security v. Weaver*, 614 S.W.2d 729, 731[8] (Mo.App.1981) imprisonment as a penalty for civil contempt is to be for an indeterminate term until the contemnor decides to comply. Thus, the punishment assessed in this case was inappropriate for the contempt.

The judgment is reversed, however, the prosecuting attorney may initiate a new proceeding based on current facts. *Teefey, supra* at 567.

All concur.

---

1. An example of findings of fact in these types of contempt cases may be found in *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 569–571 (Mo. banc 1976).

2. Nor did the judgment mention the affirmative defense raised by Leslie that due to illness he had not been able to make the payments. Under *Vanet, infra*, the burden of proof on this issue was on Leslie, but when evidence was adduced the findings of fact need to reflect the court's findings on that issue.

3. No question is presented on this appeal concerning the commitment and, in fact, there is no mention of a commitment in the record.