**In re the MARRIAGE OF Edward Lee GEHLERT and Norma Jean Gehlert.**

**Edward Lee GEHLERT, Petitioner-Appellant,**

v.

**Norma Jean GEHLERT, Respondent.**

**No. 12102.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 13, 1981.

Rehearing Denied Dec. 4, 1981.

Application to Transfer Denied Jan. 18, 1982.

Jay White, Rolla, for petitioner-appellant.

E. A. Stierberger, Hansen, Stierberger, Hartley & Brown, Union, for respondent.

PREWITT, Presiding Judge.

Appellant was adjudged in contempt of court for failure to pay maintenance and committed to jail for 90 days. He contends that the court erred because it failed to find that appellant had the present ability to pay the maintenance and to set forth in the commitment order the amount due and to provide there that appellant could purge the contempt by payment of that amount.

After hearing, the trial court found that appellant was guilty of contempt because he was financially able to pay maintenance previously ordered and failed to do so. The court stayed for a month the commitment to jail. Thereafter, a commitment order was entered. The order committed appellant to jail for contempt of court because he was financially able to pay maintenance but did not do so. The order did not specify the maintenance due nor provide that upon payment of it and costs appellant could purge the contempt and be discharged.

Contempt proceedings for nonpayment of maintenance are classified as civil contempt. *Teefey v. Teefey*, 533 S.W.2d 563, 566 (Mo. banc 1976); *State ex rel. McCurley v. Hanna*, 535 S.W.2d 107, 108 (Mo. banc 1976). Appellant contends that before he can be in civil contempt the court must find that he had the present financial ability to pay the maintenance. That is not required. A party can be in contempt if he "has intentionally and contumaciously placed himself in a position so that he could not comply with the court's orders." *Teefey v. Teefey*, supra, 533 S.W.2d at 566–567; *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 575 (Mo. banc 1976). See also Con-

stance, Enforcement of Maintenance and Support Under the Missouri Dissolution Act, 44 UMKC L.Rev. 416, 426–429 (1976).

■ Appellant also contends that the commitment order does not specify the maintenance due and provide that appellant may pay it and be discharged. A civil contemner has the power to terminate his confinement by complying with the court's order. *Teefey v. Teefey*, supra, 533 S.W.2d at 566. A party may purge the contempt by payment of the maintenance in arrears. *In re Marriage of Vanet*, 544 S.W.2d 236, 246 (Mo.App.1976). See also 24 Am.Jur.2d, Divorce and Separation, § 770, p. 878–879; 27B C.J.S. Divorce § 263, p. 132–133.

■ There was no dispute as to the amount of maintenance due. Payments were to be made on Monday of each week and the parties agreed that the last payment was that made for the third week of July 1980. The amount due can be determined by a simple mathematical calculation. Where maintenance has been fixed by prior court order and it is only a matter of calculation to determine the amount due, a commitment judgment is not void because it omits to state the amount then due. *Atkins v. State*, 34 Ala.App. 101, 40 So.2d 444, 446 (1948). We hold that the judgment and commitment order were not defective because the amount of maintenance due was not set forth. Appellant cites *In re Marriage of Vanet*, supra, but we do not believe it conflicts with this holding as there the amount due was disputed.

Nothing in the record indicates that the trial court was attempting to deny appellant the right to pay the amount due and purge the contempt. The trial court in staying the enforcement of the sentence gave appellant time to purge himself but he apparently did not do so. This right was not lost because it was not stated in the commitment order and we do not believe it was error not to include it. This court shall not "reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b). We do not see how the failure to set forth the amount of maintenance due, or to state

that upon payment of that amount appellant would be discharged, could have materially affected his right to purge the contempt.

■ The only dispute in this case was whether appellant had the ability to pay the maintenance as it became due. The trial court found that he did and that finding was supported by the evidence. In civil contempt the facts and circumstances upon which the contemner is adjudged to be in contempt must be set forth in the judgment finding him in contempt and in the commitment for the contempt. *Ex parte Ryan*, 607 S.W.2d 888, 891–892 (Mo.App.1980). We believe that the facts and circumstances upon which appellant was adjudged to be in contempt were sufficiently set forth in the judgment finding him in contempt and in the commitment order.

The judgment is affirmed and the cause remanded to the trial court for further proceedings.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.