Martha Mary BROWN, Respondent,

v.

Charles A. BROWN, Appellant.

No. 45364, 43655.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied
March 29, 1983.

Miriam Rogers Singer, St. Louis, for appellant.

Daniel J. McAuliffe, Clayton, for respondent.

REINHARD, Judge.

This is a consolidated appeal by husband from certain provisions of a decree of legal separation and from an order subsequently

citing him for contempt of court. Subject to a minor modification, we affirm the legal separation decree, but reverse the order of commitment for contempt.

As to the decree of legal separation, husband complains about maintenance, property disposition and attorney's fees provisions. He challenges twelve separate findings of fact by the trial court as against the weight of the evidence, one of which we find has merit. The trial court found that $5,000.00 in a Carondelet Savings and Loan bank account, titled in the name of husband and a business associate jointly, was marital property and awarded the entire account to husband. Wife admits and we agree that the evidence established $2,000.00 in the account was the property of the business associate. The decree of the trial court is hereby modified to award to husband $3,000.00 in the savings account. The allocation of the marital property, as modified, is still fair and equitable and there is no reason to disturb any other provisions distributing the marital property decreed by the trial court. *Lewis v. Lewis,* 637 S.W.2d 207, 208–09 (Mo.App.1982).

We have carefully reviewed the record and conclude that the court's order as to maintenance, property disposition, and attorney's fees provisions is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

Nearly a year after the separation decree was entered, wife filed a motion to hold husband in civil contempt for failure to make temporary maintenance and maintenance payments. On January 11, 1982, the court entered an order finding husband in contempt. On January 14, 1982, the court issued an order to the St. Louis County Police Department for husband's commitment for "contempt of court ordered by Judge Hoester." Husband was subsequently arrested, posted bond, and filed this appeal.

It has long been held that in civil contempt proceedings, the facts and circumstances constituting the contempt must be recited with particularity in the order of commitment. *Leslie v. Leslie,* 620 S.W.2d 48, 49 (Mo.App.1981). Indeed, because the contemnor carries the keys to the prison in his own pocket, it is essential that there be a judicial declaration of the facts and circumstances constituting the contempt in the order of commitment so that the contemnor may purge himself. *Ex parte Ryan,* 607 S.W.2d 888, 891 (Mo.App.1980). Mere legal conclusions in the commitment order are insufficient. *Ex parte Neal,* 507 S.W.2d 674, 679–80 (Mo.App.1974).

Viewed by these principles of law, the contempt commitment in this case is fatally defective. The phrase, "for contempt of court ordered by Judge Hoester" fails to recite with the requisite degree of particularity, the facts and circumstances constituting the contempt that the law requires. We need not reach husband's other allegations of error as to the validity of the underlying decree, and the order finding him in contempt.

The decree of legal separation, as modified, is affirmed and the order of commitment for contempt is reversed.

CRANDALL, P.J., and CRIST, J., concur.