In re the MARRIAGE OF Myrtle Irene ALLISON and John Miles Allison.

Myrtle Irene Allison, Petitioner-Respondent,

and

John Miles Allison, Respondent-Appellant.

No. 12913.

Missouri Court of Appeals, Southern District, Division Three.

March 30, 1983.

Karen J. Miller, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for petitioner-respondent.

Jeffrey S. Gavin, Little, Million, Terando & Associates, P.C., Poplar Bluff, for respondent-appellant.

GREENE, Chief Justice.

This appeal evolves from three separate legal actions spawned by an ongoing war between two former spouses. In the parties' dissolution decree, entered December 18, 1980, Myrtle Allison was awarded $300 a month as maintenance, and John was awarded a coin collection that was under Myrtle's control.

On November 17, 1981, Myrtle moved to have John cited for contempt of court for failure to make the maintenance payments. John retaliated by moving to cite Myrtle for contempt for refusing to give him the coin collection. He also moved to modify the dissolution decree, by reducing the maintenance award to Myrtle.

After hearing evidence, the trial court, in three separate orders, 1) reduced Myrtle's maintenance to $250 a month, 2) determined that the issues raised by John in his motion to cite Myrtle for contempt were without merit, and dismissed his motion, and 3) determined "that Respondent has had [the] means and ability to pay maintenance in the past and that he has failed and neglected to pay the same. Therefore, the court determines that [the] Respondent is in contempt of court." The trial court later sentenced John to six months in jail, or "until such time as he clears himself of the contempt", but stayed the sentence pending appeal.

John then filed a notice of appeal stating "[t]his action was a motion, by the plaintiff, to have her ex-husband cited for contempt for failure to make maintenance payments pursuant to a dissolution decree."

■ In his brief filed here, John's first point relied on is that the trial court erred in finding that his motion to have Myrtle cited for contempt of court was without merit because John had established a prima facie case that Myrtle had refused to turn the coin collection over to him. Since John did not appeal from the trial court's order dismissing his motion, he cannot raise the issue in his brief as a matter for review. Rule 81.08(a), V.A.M.R.; *Charles v. Ryan,* 618 S.W.2d 220, 224 (Mo.App.1981). The point is denied.

■ John's second point contends that the trial court erred, in that its order finding John in contempt of court did not recite the facts and circumstances on which such finding was based. The point is well taken.

■ Where a judgment or order in a civil contempt proceeding, which this is [*Teefey v. Teefey,* 533 S.W.2d 563, 566 (Mo. banc 1976)], fails to recite facts and circumstances,[1] but merely states legal conclusions, which this order does, the judgment or order cannot stand. *Leslie v. Leslie,* 620 S.W.2d 48, 49–50 (Mo.App.1981).

1. An excellent example of findings of fact in this type of contempt case may be found in

*State ex rel. Stanhope v. Pratt,* 533 S.W.2d 567, 569–571 (Mo. banc 1976).

The order of the trial court finding John Allison in contempt of court is reversed, and the sentence pronounced in furtherance of the order in question is set aside.

CROW, P.J., and FLANIGAN, MAUS, and PREWITT, JJ., concur.