**Karl F. BLANKENSHIP,**
**Petitioner-Respondent-Appellant,**

v.

**Debra S. BLANKENSHIP,**
**Respondent-Movant-Respondent.**

No. 13556.

Missouri Court of Appeals,
Southern District,
Division Three.

April 16, 1985.

Thomas H. Hearne, Steelman, Hearne & Hearne, Salem, for petitioner-respondent-appellant.

J.D. Rohrer, Woodward, Rohrer & Mazzei, Steelville, for respondent-movant-respondent.

MAUS, Judge.

This is an appeal from a judgment of and order for commitment for contempt. Appellant-husband was found in contempt for failure to pay respondent-wife the sum of $2,190 assertedly due by reason of his failure to make six monthly payments upon a note secured by a home owned by the parties.

The marriage of the parties was dissolved March 11, 1982. At the time of the dissolution, the parties owned the home in question. A separation agreement, incorporated into the decree, stated in pertinent part:

9. [T]he marital home ... shall be sold, ... the net proceeds of said sale shall be divided equally between husband and wife.....

10. The parties mutually agree that said real estate shall be placed on the market for sale upon the execution of this Separation Agreement and Property Settlement until July 1, 1983....

11. Husband hereby agrees to make all mortgage payments on said real estate until July 1, 1983 or until time of

sale of said real estate and marital home whichever date comes first.

12. [H]usband and wife shall split equally all amounts due for real estate taxes and house insurance on said real estate and marital home, provided, that if either husband or wife fails to comply with the terms of this agreement payments may be made by the complying party which would be offset against the share of the non-complying party at the time of distribution of the net proceeds of the sale of said real estate and marital home.

From the date of the dissolution until January, 1983, the husband made those payments of $365 per month. Before January, 1983, the parties refinanced the indebtedness secured by the home. As a result, $4,522.64 was deposited in an account at a local bank. The next six monthly payments of $365 each were paid from that account. From the account the wife admittedly received $500 to $600 in cash. The husband contended $1100. Her personal property taxes of $60 were paid from that account. Taxes of $306 and insurance of $105 for which the parties were equally obligated were also paid from the account. $475 was said to have been paid for medical expenses for the parties' daughter which may or may not have been the obligation of the husband. $257 was withdrawn for the husband's L.P. gas bill. The disposition of the remaining funds was not clearly established.

The home was sold at auction in September, 1983. The husband contended additional interest of approximately $450 accrued to him by reason of the wife's wrongful refusal to authorize an earlier auction. The proceeds of the sale were equally divided between the parties. The wife contended she should have first been paid $2190 representing the six payments made from the fund.

By her motion that originated this cause, the wife asked the trial court to hold the husband in contempt for failure to pay her that amount. A hearing was held on that motion on October 4, 1983. That hearing resulted in evidence from which the above summary was drawn. There was no evidence directly dealing with ability of the husband to pay $2190. During the hearing the trial court held that evidence concerning the impetus for the refinancing was not germane. However, in the judgment of contempt, the wife's consent to the refinancing was found to have been the result of coercion by the husband. That judgment concluded the husband failed to make six payments of the said indebtedness and thereby was indebted to the wife in the amount of $2190.

The husband does not directly complain about the merits of the calculation upon which the judgment of contempt is based. He presents two procedural points.

He first contends the trial court erred by failing to inquire if the husband was able to make the required payments or intentionally placed himself in a position where he could not comply with the court's order. That abstract point is apparently based upon a cautionary direction in *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo. banc 1976). The statement was repeated in *Teefey v. Teefey*, 533 S.W.2d 563 (Mo. banc 1976). That direction could be taken as establishing the burden of proof on that issue. However, in *Teefey* the court expressly declined to fix that burden.

The problem was presented in a proceeding under § 452.345 in *In Re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976). In that case the Western District, in a careful analytical opinion, held that a petitioner makes a prima facie case by proof of the judgment requiring payment of a fixed amount and nonpayment thereof. Inability to pay was declared to be in the nature of an affirmative defense. The point is discussed in an annotation. Annot., Contempt—Alimony or Child Support, 53 A.L. R.2d 591 (1957). *Vanet* has been followed in the Eastern District. *Hopkins v. Hopkins*, 626 S.W.2d 389 (Mo.App.1981); *Huber v. Huber*, 649 S.W.2d 955 (Mo.App. 1983). It has been held to be applicable to contempt proceedings invoked under the inherent power of the court. *Hankey v.*

*Hankey*, 623 S.W.2d 35 (Mo.App.1981). The point has not been before this court. It is not now before the court. Certainly, the husband's contention concerning what if any amount was due the wife was arguably reasonable. The order adjudging the husband to be in contempt as a part of the judgment determining the amount due was premature. *Payne v. Payne*, 635 S.W.2d 18 (Mo. banc 1982).

The husband's second point is that the judgment of contempt and commitment for contempt did not recite with required particularity the facts and circumstances constituting the contempt. That requirement was recently clearly stated in a criminal contempt proceeding. *Ex Parte Brown*, 530 S.W.2d 228 (Mo. banc 1975). It has been declared to be applicable to civil contempt. *In re Marriage of Gehlert*, 629 S.W.2d 503 (Mo.App.1981); *Leslie v. Leslie*, 620 S.W.2d 48 (Mo.App.1981); *Ex Parte Ryan*, 607 S.W.2d 888 (Mo.App.1980). The recitation of legal conclusions is not sufficient. *Brown v. Brown*, 646 S.W.2d 888 (Mo.App.1983).

The husband contended that he made the payment through the funds deposited to the account. As a corollary he argues the wife directly or indirectly received so much more of the funds than he that he is entitled to recognition for having paid them. It is obvious that the wife in effect received one half the reduction of the principal of the refinanced indebtedness resulting from the six payments in question. If the husband's only personal use of the funds was the payment of an L.P. gas bill of $257, it is also obviously inequitable not to consider the extent of the wife's use of the remainder of the funds. She personally received cash of $500 or $1100. To determine the amount of those funds to be charged to her requires a calculation this court cannot make from the record. To determine the amount due her, if any, may require consideration of her delay in authorizing the sale. The basic facts which could cause the husband to be in contempt is the use of those funds. Neither the judgment nor the commitment contains a finding or recital pertaining to that use. In view of the evidence and husband's contention, the conclusion the husband failed to make the six monthly payments and was indebted to the wife in the amount of $2190 is not sufficient. *Leslie v. Leslie*, supra; *Brown v. Brown*, supra. The judgment is reversed and the cause remanded.

PREWITT, C.J., CROW, P.J., and TITUS and FLANIGAN, JJ., concur.