**In re MARRIAGE OF Charles W. HORSTMEIER,**
**Petitioner-Respondent,**

**and**

**Joanna M. Horstmeier,**
**Respondent-Appellant.**

**No. 49072.**

Missouri Court of Appeals, Eastern District, Division Three.

April 30, 1985.

Harold G. Johnson, St. Ann, for respondent-appellant.

Charles W. Horstmeier, pro se.

CRIST, Judge.

Respondent Joanna Horstmeier (wife) appeals from a judgment of the circuit court holding her in contempt of court and ordering her incarcerated until she purges her contempt. We affirm for failure to file a complete record on appeal.

The marriage of Charles Horstmeier (husband) and wife was dissolved on June 30, 1983. The decree was amended on August 18, 1983 to specifically award husband a gun case, some guns, a bookcase and some books. Wife sold the gun case immediately before or immediately after this amendment of the decree. Husband, on October 14, 1983, moved to cite wife for contempt for several violations of the decree. On May 10, 1984, after an evidentiary hearing the motion was sustained as to wife's refusal to deliver the gun case. Wife was ordered incarcerated until she delivered the gun case or paid its value to husband. She appeals.

 Wife asserts the evidence was insufficient to support the citation and there was no finding of present ability to purge the contempt. Lack of ability to purge contempt is an affirmative defense which must be raised by the alleged contemnor upon the presentation of a prima facie case of contempt. *Huber v. Huber,* 649 S.W.2d 955, 958 (Mo.App.1983). We do not review this point because appellant wife did not file a transcript of the evidentiary proceedings. *Delf v. Cartwright,* 651 S.W.2d 622, 623–24 (Mo.App.1983). We assume the omitted evidence supports the trial court's decision, and overrule the point.

 Wife also proffers error in assessing the gun case at $650.00 in the contempt hearing, claiming the value set in the dissolution, $150.00, was *res judicata.* Since we do not have a record of the contempt hearing, we do not know how or why the contempt judge arrived at the $650.00 figure. But wife cannot profit by the value set by the dissolution judge. The $150.00 value was the value used by the dissolution judge to divide the property. That value is not *res judicata* to wife who elected to sell the gun case rather than give it to husband. See *Dardick v. Dardick,* 670 S.W.2d 865, 868[3] (Mo. banc 1984) and *Jones v. Jones,* 661 S.W.2d 817, 818 (Mo.App.1983).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.