**Delbert I. McCOLLUM, Appellant,**

v.

**Carolyn J. McCOLLUM (Moore), Respondent.**

**No. WD 36525.**

Missouri Court of Appeals, Western District.

June 18, 1985.

308

Hines & Magee, L.R. Magee, Kansas City, for appellant.

Raymond C. Bosch, Kansas City, for respondent.

Before DIXON, P.J., and CLARK and KENNEDY, JJ.

PER CURIAM:

Husband appeals from the trial court's order finding him in contempt for failure to pay child support; taking away his work release and furlough privileges; ordering that he remain in the Department of Corrections until he proposes a satisfactory plan to pay past-due child support; and denying his motion that he be purged of contempt. He asserts the court erred in (1) entering the judgment, as it is not supported by substantial evidence; (2) holding him in contempt because wife's actions had, in fact, purged him; and (3) holding him in contempt because imprisonment for failure to pay child support constitutes imprisonment for a debt, in violation of Art. I, § 11 Mo. Const. 1945. Affirmed.

The parties' marriage was dissolved in 1976 and husband was ordered to pay child support of $40.00 per week, for each of their four children. On September 7, 1983, the court found husband in contempt for failure to pay $27,505.40 in child support and ordered that he be placed in the Jackson County jail until he purged himself. Husband was given furlough privileges and was placed on a work release program, working as an auto mechanic at a business he had owned with his first wife but had later transferred to his second wife and from which he received no compensation.

Husband continued to not pay the child support amounts due. On May 30, 1984, the court again found husband in contempt and ordered his work release and furlough privileges revoked until he paid $1,414.00, the amount due since the September order. The next day, husband paid the $1,414.00 and regained his privileges. Since that date, husband has paid no child support and thus, wife again instituted proceedings to have his privileges denied.

At the October 2, 1984 hearing on wife's motion to deny his privileges and husband's motion that he be purged of contempt, the court heard evidence that husband had been ordered to pay child support; that he had inherited substantial property from his father's estate; that he had transferred all of his assets to his present wife and did not even receive a salary from his employment at "her" business; and that he had failed to pay child support except when threatened with the loss of his work release and furlough privileges. The court then suggested that husband pay wife $6,000.00 on or before December 3, 1984, the next hearing date, and make payments of $100 per month thereafter, to eliminate the debt. Further, the court encouraged the parties to compromise the matter before December 3. In its order, the court stated that husband's failure to make these payments would result in the loss of his privileges, denied husband's motion, and *continued* wife's motion until the December 3 hearing. At that hearing, the court was informed that husband had made no attempt to settle the matter and had made no child support payments. The court was also told that wife had executed on certain real property constituting husband's inheritance from his father's estate, but that she had received nothing. The court then ordered that husband's privileges be revoked and denied husband's second motion to purge.

Husband first asserts that, because at the December 3 hearing no witnesses were sworn and examined and the court heard only the statements of the attorneys and husband about whether the October 2 order had been complied with, the court's order removing husband's privileges was not sup-

ported by substantial evidence. The record belies husband's assertion.

At the October 2 hearing at which wife requested that husband's privileges be abrogated, evidence was adduced that husband had been ordered to pay some $28,000 in past-due child support; that he had repeatedly refused to pay child support because wife had failed "to provide proper upbringing" of the parties' children; that he had access to funds from which he could make payments to wife; and that he had been held in contempt for failure to pay child support. The court's October order did not decide wife's motion, but rather continued her application until the December 3 hearing. It also stated that husband's non-compliance on December 3 with its order to begin making payments "will result in the loss of the work release privilege." Pursuant to that order, on December 3 the court asked the attorneys and husband whether payment or attempts at payment had been made. Upon being informed that nothing had been done, the court ordered that husband's work release and furlough privileges be revoked until he proposed a suitable plan to pay the past-due child support.

As husband correctly states, judgments and orders must be based on the evidence. *Moseley & Co. v. Building Leasing Corp.*, 581 S.W.2d 399, 401–02 (Mo. App.1979); *Smith v. Smith*, 558 S.W.2d 785, 790 (Mo.App.1977). The December 3 order was based on the evidence adduced at the October 2 and the December 3 hearings. On October 2, the court specifically stated it would not rule on wife's motion until December 3, when it would determine if progress toward payment had been made. On December 3, upon discovering that no progress had been made nor was likely to be made, the court entered its order. Thus, the December 3 order clearly found its genesis in the October hearing and crystalized into final form by what occurred on December 3. Thus, as the order is based on the evidence, no abuse of

discretion appears. *Bopp v. Bopp,* 671 S.W.2d 348, 352 (Mo.App.1984).

Husband also asserts the court erred in overruling his motion to purge without hearing evidence on the motion. The motion alleged that, by wife's execution on a ⅓ undivided interest in husband's father's estate, to which husband was entitled, wife had caused husband to be purged, as the obligation was thus extinguished. The court heard no evidence on the motion, but at the hearing it was established that, while wife had executed on the property, she had yet to receive any money husband owed her. It was also established that husband did not attempt to pay the amounts owed.

■ Civil contempt is remedial and its coercive nature compels a party to comply with the court's order granting relief to the other party. *Saab v. Saab,* 637 S.W.2d 790, 792 (Mo.App.1982). Further, the civil contemner always has the power to end his confinement by complying with the court's order. *State ex rel. Foster v. McKenzie,* 683 S.W.2d 270 (Mo.App.1984); *Brown v. Brown,* 646 S.W.2d 888, 889 (Mo.App.1983); *Saab, supra,* 637 S.W.2d at 792. In the instant case, husband never attempted to comply with the court's order; his motion to purge did not allege that he had; and the evidence showed that wife never received money toward payment of husband's child support obligation. Thus, the court did not abuse its discretion in overruling husband's motion to purge.

Husband last asserts that imprisoning him for failure to pay past-due child support is tantamount to imprisonment for a debt. This assertion ignores established Missouri law.

■ The court's order to pay child support, just as one to pay maintenance or to pay a sum as part of the marital property division "creates an obligation arising from the existence of marital status and is not a debt in the sense used in the constitution." *Haley v. Haley,* 648 S.W.2d 890, 891 (Mo. App.1982); *State ex rel. Stanhope v. Pratt,* 533 S.W.2d 567 (Mo. banc 1976);

*Reeves v. Reeves,* —— S.W.2d ——, No. 48654 (E.D.Mo., Opinion filed April 30, 1985); *Yeager v. Yeager,* 622 S.W.2d 339, 342–43 (Mo.App.1981). Therefore, to imprison husband for failure to pay child support does not violate Art. I, § 11 Mo. Const. 1945.

Affirmed.