Roger Dale **OWSLEY**, Petitioner-Appellant,

v.

Vicki Jo **OWSLEY**, Respondent.

No. 13954.

Missouri Court of Appeals, Southern District, Division Two.

June 28, 1985.

Donald L. Clough, Forsyth, for petitioner-appellant.

Mark E. Fitzsimmons, Springfield, for respondent.

PREWITT, Chief Judge.

The marriage of the parties was dissolved on October 6, 1983. On September 19, 1984, following a hearing on respondent's motion for contempt, the court made the following order:

> After hearing the evidence, Court finds that Roger Dale Owsley is in Contempt of Court and sentences him to serve 60 days in the Greene County jail. Mr. Owsley may purge himself by paying $4,400.00 to the Greene County Circuit Clerk in payment of child support owed and said amount includes $1,600.00 for payment of car (1976 Oldsmobile). Court assesses against Roger Dale Owsley $500.00 attorney fee and the cost of this action.

Roger Dale Owsley appeals, contending (1) that there was insufficient evidence to establish that he was in contempt of court; (2) that his commitment to jail was improper as no order or warrant of commitment was issued and the particular circumstances of his offense were not set forth in the order or warrant of commitment as required by § 476.140, RSMo 1978; and (3) that he was illegally committed to jail because the amount of bail was not set before he was committed.

■ This is a proceeding classified as civil contempt. *In re Marriage of Gehlert*, 629 S.W.2d 503, 504 (Mo.App.1981). A party may appeal from a judgment of civil contempt. *Teefey v. Teefey*, 533 S.W.2d 563, 565–566 (Mo. banc 1976).

There was no dispute that defendant had not complied with the dissolution decree. Respondent so testified and appellant did not dispute it. He contended that financial difficulties prevented his complying.

■ When a former spouse proves that the other has failed to make required payments under a dissolution, a prima facie case of contempt has been shown. The other party then has the burden of proving inability to make the payments and that being in that position did not occur intentionally and contumaciously. *In re Marriage of Vanet*, 544 S.W.2d 236, 245–246 (Mo.App.1976). See also *Huber v. Huber*, 649 S.W.2d 955, 958 (Mo.App.1983); *Hopkins v. Hopkins*, 626 S.W.2d 389, 391 (Mo. App.1981). The trial court did not have to believe appellant and obviously did not. His evidence seemed suspect. The evidence was sufficient for the trial court to determine that appellant was in contempt of court.

Appellant's second point has merit. Section 476.140, RSMo 1978 states:

"Whenever any person shall be committed for any contempt specified in sections 476.010 to 476.310, the particular circumstances of his offense shall be set forth in the order or warrant of commitment."

When a party is jailed for civil contempt the facts and circumstances upon which the contemnor was so adjudged must be set forth in the judgment finding him in contempt and in the order of commitment. *Ex parte Ryan,* 607 S.W.2d 888, 891–892 (Mo.App.1980). See also *Huber v. Huber,* supra, 649 S.W.2d at 958. That was not done here. There was only the order set forth above. The recitation of legal conclusions in a commitment order are not sufficient. *Brown v. Brown,* 646 S.W.2d 888, 889 (Mo.App.1983).

We reverse and remand for the trial court to reexamine this matter and if it determines that the contempt still exists to enter a proper judgment and order of commitment. See *Brown v. Brown,* 670 S.W.2d 167, 170–171 (Mo.App.1984); *Huber v. Huber,* supra, 649 S.W.2d at 958.

Although we are remanding, for future guidance we discuss appellant's third point. There is no merit in it. *Teefey,* supra, 533 S.W.2d at 566, states, "pending the appeal the appellant should be permitted to furnish bail which, of course, should be fixed at a reasonable amount according to the circumstances." That does not mean that bail has to be set immediately upon commitment as the contemnor might purge the contempt or for other reasons there might not be an appeal. However, upon being informed that there will be an appeal, the trial court has the duty to do so and of course, to conserve time, the court could set this forth at the time of the judgment and order of commitment. Here, when requested, the trial court set bail.

The judgment is reversed and the cause remanded.

HOGAN, P.J., and MAUS and CROW, JJ., concur.