**James E. TOWNSEND, Appellant,**

v.

**Diana L. TOWNSEND, Respondent.**

**No. 50592.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 29, 1986.

C. Clifford Schwartz, Clayton, for appellant.

Robert B. Satchell, Union, for respondent.

SNYDER, Chief Judge.

Former husband appeals from a trial court judgment finding him in civil contempt for failing to comply with the terms of the parties' divorce decree. Husband alleges the trial court abused its discretion in holding him in contempt because there was substantial evidence demonstrating husband was financially unable to comply with the decree and because the contempt order did not recite the particular facts and circumstances which constitute contempt.

The parties' marriage was dissolved on January 28, 1985. The direct appeal opinion can be found in *Townsend v. Townsend,* 705 S.W.2d 595 (Mo.App.1986). No supersedeas bond was filed to prevent execution on the January 28th dissolution decree while it was being appealed. The trial court, among other things, awarded respondent wife $75.00 per week in maintenance, $75.00 per week in child support and a 1979 MGB automobile.

On May 8, 1985, wife filed a motion for contempt alleging husband had not complied with the January 28th decree. An amended motion was also filed and at a hearing on July 9, 1985, the husband was

found in contempt and ordered to pay wife $1800.00 for maintenance from January 28, 1985 to July 9, 1985; $1760.00 for child support from January 28, 1985 to July 9, 1985 minus $40.00 husband had paid; and $3000.00 for the fair market value of a 1979 automobile. The judgment is remanded for the entry of the proper order.

In civil contempt cases the ruling of the trial court will not be disturbed unless the ruling was a clear abuse of discretion. *Bopp v. Bopp*, 671 S.W.2d 348, 352 [13] (Mo.App.1984).

In husband's first point he alleges that there was substantial evidence showing his inability to pay. With the exception of the $40.00 husband paid to wife, there was no dispute husband had not complied with the terms of the dissolution decree. This constitutes a prima facie case for wife and the burden then shifts to the husband to prove inability to make the payments and that his being in that position did not occur intentionally and contumaciously. *Owsley v. Owsley*, 693 S.W.2d 897, 898 [2, 3] (Mo.App. 1985).

The only testimony offered by appellant husband about why he could not pay the amounts owed under the decree was that he was on an extended vacation from his job where he had executed a wage assignment to respondent wife and that the unspecified amounts of money he made from his private business went to pay his bills and a mortgage. This court finds the trial court did not abuse its discretion when it found that appellant was in contempt of court. Appellant's first point is denied.

In his second point, appellant alleges the judgment of contempt was insufficient because it did not contain a specific finding that appellant was able to pay or that he intentionally or contumaciously rendered himself unable to pay. Although the finder of fact is not required to credit a party's evidence, if it is probative of an affirmative defense of inability to pay, it is required to be found in the commitment by more than a legal conclusion. *Brown v. Brown*, 670 S.W.2d 167, 171 [2–4] (Mo.App.1984). In the present case, there was no specific find-

ing that husband was able to pay or had intentionally and contumaciously rendered himself unable to pay. This court reverses and remands for the trial court to reexamine this issue and if it is determined the contempt still exists to enter a proper judgment and order of commitment. *See Owsley v. Owsley*, 693 S.W.2d at 899 [4–6].

The motion to dismiss the appeal taken with the case is denied as moot.

The judgment is reversed and the cause remanded.

CARL R. GAERTNER, P.J., and SMITH, J., concur.