STATE of Missouri ex rel., Jeannie Irene HEISERMAN, Petitioner–Appellant,

v.

Dudley Joe HEISERMAN, Respondent.

No. 21150.

Missouri Court of Appeals, Southern District, Division One.

March 21, 1997.

PER CURIAM.

Appellant Jeannie Heiserman and Respondent Dudley Heiserman's marriage was dissolved by circuit court decree issued on May 24, 1988. The decree ordered Respondent to pay Appellant child support payments for three children in the amount of $130 per month per child.

On July 24, 1994, Appellant filed a motion in circuit court requesting Respondent Dudley Heiserman be directed to show cause why he should not be held in contempt of court for failing to make child support payments. The motion alleged Respondent had "willfully failed and refused to make payments in accordance with [the decree] and is now delinquent in the sum of $5,845.26, which amount continues to increase at the rate of $260 per month." [1]

At subsequent hearings, testimony and evidence were introduced to establish that Respondent had paid the monthly child support until 1990, when he reduced the amount from $390 to $40 per month. Respondent testified he reduced the payments because he did not have the money and because he began incurring expenses associated with the birth of a child after remarriage. He also testified that his lack of money resulted from poor success with the pig farming and stove-installing businesses in which he was engaged.

A family court commissioner denied the contempt motion on the basis that Appellant Jeannie Heiserman had acquiesced to receiving reduced payments from Respondent and was therefore estopped from claiming any back support. The proposed judgment stated in pertinent part:

1. On or about the month of June, 1991, Dudley Scott Heiserman, one of the children born of the marriage between the parties, commenced residence with Respondent/father and has lived continuously with the Respondent since June, 1991; the Court further finds that since the date of June, 1991, there was a De facto (sic) custody change and thereafter, the Petitioner did not object to receiving smaller

J. Ronald Carrier, Prosecuting Atty., Barbara A. Bean, Assistant Prosecuting Atty., Greene County, Springfield, for Petitioner–Appellant.

John R. Lewis, Lewis & Moon, L.L.P., Springfield, for Respondent.

Before BARNEY, P.J., and PREWITT and GARRISON, JJ.

1. In 1991, Dudley Scott Heiserman, one of the three children for whom Respondent was paying support, moved from Appellant's home to Respondent's home. The Division of Child Support Enforcement (DCSE) thereafter abated the original $390 monthly payment to $260.

amounts of support than she had when she had custody of all children and thereby was estopped from later claiming any back support, all of which constituted a consistent pattern of deductions in which the Petitioner acquiesced without any dissent for a period of years therefore, the legal issue of abatement is found in favor of the Respondent.

It is hereby ordered, abjudged (sic) and decreed that the Petitioner's Motion for Contempt be discharged and Petitioner is ordered to pay the costs of this action.

The circuit court later issued an order adopting the commissioner's findings and recommendations. Appellant appealed from that order.

The standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and this Court will uphold the trial court's judgment unless it lacks substantial evidence to support it, it is against the weight of evidence, or it erroneously declares or misapplies the law.

■ For her first point relied on, Appellant asserts Respondent's failure to plead acquiescence by waiver prevented him from raising it as a defense during trial.[2]

■ Waiver is an affirmative defense, which should be pleaded. *Leonards v. U-Jin Enter., Inc.*, 811 S.W.2d 480, 485 (Mo. App.1991); Rule 55.08. *See also Boland v. State Dept. of Social Services*, 910 S.W.2d 754, 759 (Mo.App.1995). Generally, failure to plead an affirmative defense results in waiver of that defense. *Tindall v. Holder*, 892 S.W.2d 314, 328 (Mo.App.1994).

Respondent's answer to Appellant's motion for contempt stated in pertinent part:

3. Petitioner acquiesced to her son residing with Respondent from the date of June, 1991 continuously to the present, however, Petitioner had paid no support for said child although she has been fully and gainfully employed during said period of time; further, Respondent gave to Petitioner his share of a settlement received by Petitioner and Respondent for injuries received by the oldest child born of the marriage of the parties; all of the above acts mitigate the back support owed by Respondent; further, Respondent has been without gainful employment and has been incapable of meeting the financial obligations of this Court's Decree.

As Appellant points out, the answer contains no allegations or assertions relating to the defense that Appellant acquiesced to lower child support payments. Moreover, Appellant objected to Respondent's raising the defense at trial, and the court did not permit the pleadings to be amended to include the defense. *See Tindall*, 892 S.W.2d at 328. Because the defense was not pled, this Court concludes it was waived and unavailable. The determination that Appellant was estopped from claiming back support was thus error.

■ Because Appellant's first point is well taken, it is not necessary to address either of Appellant's next two points as those claims of error also center on Respondent's waiver defense. However, simply because this Court concludes Appellant may claim back support does not require reversal of the judgment dismissing the motion for contempt. As Respondent notes, if the trial court's ruling is correct it will not be disturbed on appeal because the court may have given a wrong or insufficient reason for it. *Boatmen's Bank of Pulaski County v. Brooks*, 869 S.W.2d 781, 784, n. 8 (Mo.App. 1994).

■ In reviewing for error, not only do we apply the standard stated in *Murphy v. Carron*, we also must consider any fact issues upon which no specific findings were made as having been found in accordance with the result reached. In addition, we defer to the trial court's assessment of the credibility of witnesses, *In re Snoke*, 913 S.W.2d 407, 409 (Mo.App.1996), and acknowledge that the trial court has leave to believe or disbelieve all, part or none of the testimony of any witness, *In re Marriage of Scott*, 792 S.W.2d 679, 683 (Mo.App.1990).

■ When a former spouse proves that the other has failed to make required pay-

---

2. Respondent's brief does not directly respond to this point.

ments under a dissolution, a prima facie case of contempt has been shown. *Owsley v. Owsley,* 693 S.W.2d 897, 898 (Mo.App.1985). The other party then has the burden of proving inability to make the payments and that being in that position did not occur intentionally and contumaciously. *Id.*

 Appellant does not dispute Respondent's claim of inability to pay during much of the period in question. For her third and final point relied on, she instead contended Respondent voluntarily and intentionally placed himself in a position to be unable to pay. She argues several facts in evidence weigh in favor of this conclusion, including that Respondent "quit good paying jobs," maintained unprofitable businesses, spent amounts larger than the child support payments on charities, enjoyed good health and a high school education, and "unilaterally" decided to reduce payments.

An examination of Respondent's testimony, however, does not clearly indicate Respondent intentionally placed himself in a position of noncompliance or that he contumaciously or willfully attempted to frustrate the operation of the decree ordering child support payments. Respondent testified that after paying the full monthly amounts for two years, he reduced the payments because his new wife had a baby. He also testified doctors recommended that he not return to one of the "good paying jobs" referred to by Appellant because of the risk of severe illness and that the other such job only paid five dollars an hour.

The evidence does not establish Respondent deliberately attempted to circumvent the dissolution decree. *See Meiners v. Meiners,* 858 S.W.2d 788, 789 (Mo.App.1993) (affirming finding of contempt where evidence indicated good job availability in husband's field and that husband made little effort to find employment). Guided by the applicable standard of review outlined above, we conclude that Respondent did not intentionally and contumaciously place himself in the position of not being able to comply with the order to pay child support.

As it was supported by substantial evidence, was not against the weight of the evidence and did not misstate or erroneously apply the law, the judgment discharging the contempt motion is affirmed. However, we modify the judgment, as is within our authority, by removing paragraph 1 of the proposed judgment incorporated in the trial court's order. Rule 84.14; *Meiners,* 858 S.W.2d at 791.

Judgment affirmed as modified.