**STATE of Missouri, ex rel., William J. SHAW, Public Defender for the Twenty-First Judicial Circuit, Relator,**

v.

**The Hon. Richard F. PROVAZNIK, Division Sixteen of the Twenty-First Judicial Circuit, Respondent.**

No. 50935.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 22, 1986.

Sarah Pleban, Asst. Public Defender, St. Louis, for relator.

Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Presiding Judge.

Relator, William J. Shaw, the Public Defender for the Twenty-First Judicial Circuit, seeks our writ of prohibition, enjoining the Honorable Richard F. Provaznik from appointing the St. Louis County Public Defender as counsel for David M. Crosby in a civil contempt proceeding arising out of Crosby's failure to make child support payments. This court issued a preliminary writ of prohibition on December 6, 1985. We now make the preliminary writ permanent and absolute.

Relator contends in his petition for Writ of Prohibition, and in his brief in support thereof that respondent was without authority to appoint the Public Defender to represent David M. Crosby in the civil contempt case because: (1) The Public Defender is not statutorily authorized to represent individuals in civil matters; (2) The office of the Public Defender was never intended to represent persons involved in civil matters; (3) Attorneys may not be appointed to represent parties in civil matters without compensation; and (4) Respondent, by making a judicial determination that David M. Crosby was indigent precluded incarceration of David M. Crosby for contemnor's failure to make child support payments; thus neither due process nor any laws of this state require that David M. Crosby be represented by counsel.

The facts leading to this writ of prohibition are brief and uncomplicated. On September 4, 1982, the marriage of Marcella A. Crosby and David M. Crosby was dissolved in the St. Louis County Circuit Court. In the dissolution decree, David M. Crosby was ordered to pay one hundred

dollars ($100) per week child support for his two children. Marcella A. Crosby instigated a civil contempt proceeding against David M. Crosby for failure to make the child support payments. A hearing was held on the motion for civil contempt on September 10, 1985, before the respondent, the Honorable Richard F. Provaznik. Marcella A. Crosby appeared personally and was represented by an assistant prosecuting attorney. David M. Crosby appeared personally without counsel. On that date, respondent found David M. Crosby, indigent and unable to afford an attorney. Consequently, respondent appointed the St. Louis County Public Defender to represent David M. Crosby in the contempt proceedings. On October 15, 1985, the St. Louis County Assistant Public Defender assigned to this case requested leave of court to withdraw as the court-appointed attorney based on the premise that the public defender's office is not statutorily authorized to represent individuals in civil contempt proceedings. Respondent denied the Public Defender's request on November 21, 1985, and ordered her to continue representing David M. Crosby. Relator's petition for writ of prohibition to this court followed. A preliminary order of prohibition was issued on December 16, 1985, ordering respondent to refrain from all action in this cause until further order. We now issue a permanent writ of prohibition.

■■■■ Prohibition shall be granted to prevent usurpation of judicial power. Section 530.010 RSMo 1978.[1] It is an appropriate remedy to prevent exercise of extra-judicial power. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, (Mo. banc 1956). We find that the trial court exceeded its authority in appointing the public defender of St. Louis County to represent a litigant in a case involving only civil contempt. We hold that the provisions of Chapter 600 RSMo 1978 creating the public defender's system does not authorize a public defender to represent a person facing a charge of civil contempt. We also find and hold that the determination of an

"eligible" person under Chapter 600 shall be made by the public defender, subject to appeal, and not by a court in the first instance. Section 600.086.3 RSMo Cum. Supp.1984. Accordingly, the respondent exceeded his jurisdiction in making a finding of indigency and appointing relator without affording relator the opportunity to determine eligibility. We also find that the determination of respondent that David M. Crosby was indigent, absent a finding that such condition was intentional, precluded the possibility of incarceration for contemptuous failure to make child support payments, and as a result respondent exceeded his jurisdiction in appointing the relator in a case where Mr. Crosby did not face a loss or deprivation of liberty.

The Public Defender Commission through a director, deputy directors and public defenders selected by it, Section 600.042.3 shall provide legal services to an eligible person:

(1) Who is detained or charged with a felony . . .

(2) Who is detained or charged with a misdemeanor which will probably result in confinement in the county jail upon conviction . . .

(3) Who is detained or charged with a violation of probation or parole;

(4) For whom the federal constitution or the state constitution requires the appointment of counsel; and

(5) For whom, in case in which he faces a loss or deprivation of liberty, any law of this state requires the appointment of counsel.

If David M. Crosby is an otherwise financially eligible person he is not a member of any group defined by this section. Sub-sections (1)–(3) are inapplicable. Neither the federal constitution nor our constitution requires the appointment of counsel since Crosby does not face loss or deprivation of liberty if found guilty of civil contempt in view of the respondent's finding that he is indigent and there is no element in this case of indigency as a result of contemptu-

1. Unless otherwise noted all statutory references are to RSMo Cum Supp 1984.

ous acts amounting to criminal contempt. *Hunt v. Moreland*, 697 S.W.2d 326, 330 (Mo.App.1985).

Respondent concedes in his brief that there is no statutory authority for appointing counsel to a civil defendant. He argues, however, that because Section 514.040 RSMo 1978 authorizes the appointment of counsel to a plaintiff proceeding in forma pauperis the same permissive authority should apply to civil defendants. We do not decide that issue because even if accepted it does not reach the question of whether such authority would extend to a public defender who exists by statute and whose authority is defined by the same statute. It is enough that Section 600.042.3(1)–(5) does not authorize such appointments. If the court has inherent power to appoint an attorney on behalf of a defendant in a civil proceeding as an act reasonably necessary for the administration of justice, it does not follow that it has authority to appoint a public defender in his capacity as public defender for such defendants.

Rule 27.26 requires a trial court, under some circumstances, to appoint counsel to assist an indigent prisoner in a Rule 27.26 proceeding. Respondent refers to this rule and the Fifth Amendment of the United States Constitution which he asserts requires that a defendant in a civil contempt proceeding have the right to counsel in support of an argument of inherent authority. This is an appeal to the provisions of Section 600.042.3(4). First, we observe that there is no authority cited that the Fifth Amendment requires the appointment of counsel for a defendant in a civil contempt proceeding where allegations of intentional indigency are not involved. We know of none. Second, respondent can comply with the requirements of Rule 27.26 without the appointment of a public defender. It is unnecessary for us to decide and we do not decide the current issue of whether the public defender must, under Chapter 600, accept appointment to represent indigent prisoners in 27.26 proceedings.

We also reject respondent's argument that it may be possible for respondent to find Mr. Crosby affirmatively put himself in a position so as not to be able to pay child support which could result in imprisonment because those facts are relevant to a criminal contempt proceeding, and no charge of criminal contempt has been made. Respondent relies on this court's opinion in *Hunt v. Moreland*, 697 S.W.2d 326 (Mo.App.1985). In *Hunt*, we granted a writ of habeas corpus in a case where petitioner was found to have "contemptuously placed himself in a position so that he cannot pay said child support awards." Although entered in a civil contempt proceeding this is a finding appropriate to indirect criminal contempt, and it is not the indigency or inability to pay but the intentional acts creating the indigency which were to be punished. Under those facts, we acknowledged that the party charged has a federal constitutional right, under the Fifth and Fourteenth Amendments, to the appointment of counsel. On those facts, whether the proceeding be denominated civil or criminal, counsel must be appointed. In such case a fixed jail sentence is authorized whereas in civil contempt the incarceration continues only until the contemnor performs. The distinction between *Hunt* and the present case is that there is no contention that Crosby has intentionally and contemptuously placed himself in a position so that he could not comply with the court's orders. In *State ex rel. Foster v. McKenzie*, 683 S.W.2d 270 (Mo.App. 1984), we held that a judicial determination of indigency precludes incarceration for contemptuous failure to make payment as ordered in a dissolution decree and that non-payment will support incarceration only if the contemnor has the ability to purge himself from civil contempt. "Otherwise the coercive purpose of civil contempt will be frustrated as the contemnor has no key to the jailhouse door." *Hunt*, 697 S.W.2d at 330. Under *Teefey v. Teefey*, 533 S.W.2d 563, 566–67 [6] (Mo. banc 1976), imprisonment may not be ordered until the trial court is convinced that the person is financially able to make the required pay-

ment or had intentionally and contemptuously placed himself in a position so that he could not comply.

 Under Section 600.086.3, it is the public defender who must in the first instance determine eligibility within the financial rules of legal representation at public expense. Respondent on the date of the civil contempt hearing declared David M. Crosby indigent and appointed a public defender as his counsel. This action afforded no opportunity for the public defender to perform its statutory duty of determining indigency status. The judiciary is to intervene only upon appeal of the public defender's adverse decision. There is no statutory authority for the direct appointment of a public defender by a trial judge based on indigency. In so doing, respondent violated the provisions of Chapter 600. As previously discussed, the determination of indigency applies only to a condition of eligibility and does not decide the scope of Chapter 600 as set forth in Section 600.042.3. An individual must be indigent and qualify as a person charged with a felony, misdemeanor, probation or parole violation, or be entitled to counsel on statutory or constitutional grounds to seek the services of the state public defender system.

The determination of indigency by the court through suitable inquiry under Section 600.086 RSMo 1978, and recognized in *State v. Dowdell,* 583 S.W.2d 253, 257 (Mo. App.1979) was withdrawn by an amendment to Section 600,086.3 which was effective on April 1, 1982. Prior to the amendment, either the public defender, Section 600.086.2 RSMo 1978, or the court were authorized to determine indigency. Section 600.086.3 RSMo 1978. However, the 1982 amendment charges the public defender with that duty subject to appeal to the court.

Because we find respondent exceeded his jurisdiction in appointing the public defender to represent an individual charged with civil contempt after a finding of indigency foreclosed the possibility of incarceration in the absence of a further finding of intentional or contumacious acts creating the

indigency to avoid complying with court orders, respondent was not authorized to appoint the public defender. We make our preliminary writ absolute.

KAROHL and CARL R. GAERTNER, JJ., concur.