Victor J. FARRIS, Plaintiff–Appellant,

v.

Melvin C. MITCHELL and Nancy J. Mitchell, Defendants–Respondents.

No. 15167.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 17, 1988.

J. Kent Robinson, Ronald D. White, Robinson, Turley, Turley & White, Rolla, Joseph W. Rigler, Springfield, for plaintiff-appellant.

Charles M. Wesley, Waynesville, for defendants-respondents.

MAUS, Judge.

Upon the plaintiff-landlord's petition, the trial court enjoined the defendants-tenants from removing certain items from a leased building. Upon the submission of a counterclaim for breach of a covenant to repair the exterior of the building, a jury returned a verdict in favor of the defendants for $36,000. Upon a submission for conversion of personal property, a jury returned a verdict in favor of the defendants for $3,500. The plaintiff appeals only from the judgment entered upon the verdict for $36,000.

This case was tried with less than strict observance of the rules pertaining to pleadings, evidence and instructions. However, "[a]ppellate review is limited to those issues presented in [appellant's] points and they alone need be and are considered." *Smith v. Welch*, 611 S.W.2d 398, 399 (Mo. App.1981). Also see *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). This opinion should not be construed as determining any issue or question not specifically addressed. Nor should it be considered as limiting the issues upon a retrial of Count I of the counterclaim, if there be one. The following is a condensation of the evidence necessary for the consideration of plaintiff's decisive points on appeal.

On June 1, 1980, the plaintiff leased to Terry L. McNulty and Patricia F. McNulty a portion of a building in a shopping center in St. Robert, Missouri, for an original term of ten years. The lease required the lessees to operate the business known as Skate World. The McNultys installed a skating rink floor and other fixtures necessary for the operation of a skating rink business. In general, the lease gave the lessees the right to remove the floor and fixtures they installed. The lease required the plaintiff to maintain the exterior, including the roof. The defendants were required to maintain the interior.

The McNultys operated the business until September 15, 1982, when they sold it to the defendants. The bill of sale conveyed the business known as Skate World, including fixtures, equipment, inventory and goodwill. With the plaintiff's consent, the lease was assigned to the defendants. The purchase price was $57,000.

The defendants continued to operate the business until July, 15, 1983. They never

made a profit. The defendants decided to terminate the business and the lease at the end of July, 1983. In anticipation, they started liquidating their business assets and removing them from the leased building. They sold certain concession stand equipment. At this point, the plaintiff sought an injunction to prevent the removal of lighting equipment and fixtures. For an unexplained reason, the temporary restraining order covered additional items, including the concession stand equipment. This equipment was the subject of the judgment for conversion for $3,500.

The defendants contend their business was unsuccessful because of water damage to the ceiling and the skating rink floor. They presented evidence the roof leaked. They also presented evidence the damage to the floor resulted from improperly maintained guttering which caused water to enter under a wall. The plaintiff presented evidence the floor was damaged because it was improperly installed over an active sewer line which had commode openings that were not properly plugged. As stated, the jury returned a verdict for $36,000 in the defendants' favor upon an instruction submitting the plaintiff's breach of a covenant to maintain the exterior of the building.

The plaintiff's first point is that the trial court erred in admitting documents presented by defendant Melvin C. Mitchell as copies of the 1980, 1981 and 1982 profit and loss statements of the McNultys' operation of Skate World. The significance of this point must be considered in conjunction with the plaintiff's third point. That point is that the evidence does not support the verdict because it does not establish a loss of anticipated profits with reasonable certainty.

'[T]he recovery of anticipated profits of a commercial business is ... too remote, speculative, and too dependent upon changing circumstances to warrant a judgment for their recovery.' [*Orchard Container Corp. v. Orchard*, 601 S.W.2d 299, 305 (Mo.App.1980).] However, in *Orchard*, the court pointed out, that '... an exception to this rule exists where anticipated profits are "made rea-

sonably certain by proof of actual facts, with present data for rational estimate of their amount; ..." and where "proof of the income and expenses of the business for a reasonable time anterior to its interruption, with a consequent establishing of the net profits during the previous period is shown." '

*Herrington v. Hall*, 624 S.W.2d 148, 153 (Mo.App.1981). Also see *Jack L. Baker Cos. v. Pasley Mfg. & Distrib. Co.*, 413 S.W.2d 268 (Mo.1967); *Hargis v. Sample*, 306 S.W.2d 564 (Mo.1957). A corollary of that rule is that "proof of the income and expenses of the business for a reasonable time anterior to its interruption, with a consequent establishing of the net profits during the previous period, is indispensable." *Anderson v. Abernathy*, 339 S.W. 2d 817, 824 (Mo.1960). It has been held that the rule has not been satisfied by evidence consisting of tax returns which did not provide a basis to compare the profitable and unprofitable periods of operation of the business. *Jack L. Baker Cos. v. Pasley Mfg. & Distrib. Co.*, supra. Also see *Coonis v. Rogers*, 429 S.W.2d 709 (Mo. 1968). An unsupported opinion or estimate of a loss of profits is generally held to be insufficient. *Yaffe v. American Fixture, Inc.*, 345 S.W.2d 195 (Mo.1961); *Tnemec Company v. North Kansas City Development Co.*, 290 S.W.2d 169 (Mo.1956).

Defendant Melvin C. Mitchell, without objection, did state the following figures concerning the operation of Skate World by the McNultys. In the last six months of 1980 the business made a profit of $22,000. In 1981, it lost $2,000, but the McNultys had paid out $35,000 for wages. Through June of 1982 the business made a profit of $3,911. Initially, an objection to Mitchell's estimate of his anticipated profits was sustained. The profit and loss statements referred to above were then produced for Mitchell to consider. He said he had considered them in deciding to purchase the business. He added, that for the last year or so the McNultys had made $2,350 per month. He was then permitted to state that he anticipated he would make a profit of $28,000 per year.

The defendant Melvin C. Mitchell did not by his testimony present any data or details concerning the McNultys' operation of the business. The profit and loss statements in question were apparently offered for that purpose. However, those statements were identified and verified only by Mitchell's testimony that they were given to him by Patricia F. McNulty. As so offered, they constituted hearsay evidence. *Annin v. Bi–State Development Agency*, 657 S.W.2d 382 (Mo.App.1983); *Cantrell v. Superior Loan Corp.*, 603 S.W.2d 627 (Mo. App.1980). The defendants called Terry L. McNulty as a witness, but McNulty did not identify or verify the statements. Mitchell was not a "custodian or qualified witness" competent to testify to the identity and mode of preparation of those statements and cause them to be admissible as business records under § 490.680. *Pazdernik v. Decker*, 652 S.W.2d 319 (Mo.App.1983). Contrary to the defendants' argument, the statements were not admissible as evidence of the facts shown therein because Mitchell had considered them in deciding to purchase the business. The defendants' contention the statements were admissible because they were produced after the plaintiff's initial successful objection to the unsupported conclusion of defendant Melvin C. Mitchell concerning anticipated profits is also without merit.

"As a general principle, error in the admission of evidence is not grounds for reversal if it does not prejudice the complaining party or adversely affect the jury in reaching its verdict." *Davis v. Mathews*, 649 S.W.2d 256, 259 (Mo.App.1983). "Incompetent evidence on a material issue is presumed to be prejudicial unless clearly shown to be otherwise." *Jordan v. Robert Half Personnel Agencies of Kansas City, Inc.*, 615 S.W.2d 574, 585 (Mo.App.1981). The defendants' anticipated profit was a material issue.

Moreover, the inadmissibility of those statements emphasizes the fact the defendants presented no statistics or financial data concerning their operation of the business. The only evidence on that subject was the testimony of Melvin C. Mitch-

ell that the business never made money. This testimony mitigates against the defendants' claim of loss of profits due to the plaintiff's fault because Melvin C. Mitchell also testified that he first noticed water damage to the floor in December of 1982. See *Tnemec Company v. North Kansas City Development Co.*, supra. The admissible evidence is not sufficient to support the defendants' claim of loss of profits. Cf. *Coonis v. Rogers*, supra; *Jack L. Baker Cos. v. Pasley Mfg. & Distrib. Co.*, supra; *Brown v. McIBS, Inc.*, 722 S.W.2d 337 (Mo.App.1986).

The defendants also argue:

Certainly it was not unreasonable for the jury to base its Thirty–Six Thousand Dollar ($36,000.00) award on the fact that the respondent paid Fifty–Seven Thousand Dollars ($57,000.00) for assignment of the lease and the equipment and fixtures that had been purchased by his former lessee and the additional equipment, all of which he was enjoined from removing, that respondent purchased.

This argument provides no evidentiary basis to support the verdict. For example, it is factually unsound. The defendants sold their skates and equipment for $24,824. Further, there was no evidence of the reasonable market value of the assets at the time of the Mitchells' purchase. With minor exceptions, there was no evidence in regard to their value at the time of disposition of those assets. The defendants may not establish damages upon the basis of what they paid for the business and what they received upon the disposition of the tangible assets. *Tull v. Housing Auth. of City of Columbia*, 691 S.W.2d 940 (Mo. App.1985). For the reasons stated, the judgment upon Count I of the counterclaim is reversed and the cause is remanded upon that count.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., not participating.