STATE of Missouri, Respondent,

v.

**Michael LULEFF, Appellant.**

**No. 53592.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1989.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

In this jury-tried case, defendant appeals his convictions of second degree assault and armed criminal action in violation of §§ 565.060 and 571.015.[1] Defendant was sentenced to two consecutive terms of seven years. We affirm.

Defendant raises two points of error. First, the trial court erred in refusing defendant's proffered instruction on excusable assault. We disagree, because such an instruction is no longer needed or authorized. Second, the trial court erred in refusing to admit two exhibits as business records of the St. Charles County Sheriff's office. We disagree, because the testimony presented did not adequately qualify the exhibits.

Defendant does not question the sufficiency of the evidence. On August 29, 1985, defendant's wife was outside her mother's home on the driveway, when defendant approached her. The wife saw the barrel of a gun in defendant's hand; it was "wrapped up in a T-shirt or towel or something." She swung her purse at him, and she fell or was pushed to the ground. Defendant fired four shots at his wife. She received gunshot wounds to both arms and to her face.

At trial, defendant testified that he and his wife were discussing their impending divorce and the custody of their daughter. When defendant indicated that he would not give custody of their daughter to his wife, his wife reached into her purse and grabbed a pistol. Defendant said that he "grabbed up her hand," and the pistol went off. They then "wrestled back and forth with the gun," and it fired three more times.

■ Defendant first alleges that the trial court erred in refusing his proffered instruction on excusable assault. The instruction was generally patterned after MAI–CR2d 2.28.

The criminal code, enacted in 1977 and effective January 1, 1979, did not contain a section establishing a defense of "accident" or excusable homicide. An instruction for that defense, however, was included in MAI–CR2d. Notes on Use 1 to MAI–CR2d 2.28 stated that the instruction reflected "the common law and was unaffected by the repeal" of an earlier statutory basis for this defense.

In 1983, the General Assembly revised the assault and homicide statutes. At that time, § 563.070 was enacted, effective October 1, 1984. It provides:

Conduct which would otherwise constitute a crime under chapter 565, RSMo, is excusable and not criminal when it is the result of accident in any lawful act by lawful means without knowingly causing or attempting to cause physical injury and without acting with criminal negligence.

As stated in Notes on Use 5 to MAI–CR 2d 13.02, this definition is different from the prior statutory definition and that "declared by the common law." On August 13, 1984, the Supreme Court withdrew MAI–CR 2d 2.28, effective October 1, 1984.

Professor John Scurlock, in his article on Excusable Homicides, stated "[a]n instruction on excusable homicide has the appearance of a converse" instruction.[2] Since October 1, 1984, an instruction on that defense no longer has just the "appearance of a converse." Rather, as a practical matter,

1. All statutory references are to RSMo 1986.

2. Scurlock, *Excusable Homicide* 6, in MAI–CR COMMENTS (O. Richardson ed. 1974).

the only instruction available is a converse instruction conversing the mental element. See MAI–CR 3d 308.02, especially Notes on Use 4(C), and MAI–CR 3d 304.11, especially paragraphs B and D. Also, see *State v. Mallett,* 732 S.W.2d 527, 536 (Mo. banc 1987) and *State v. Bates,* 751 S.W.2d 758, 758–759 (Mo. banc 1988). The trial court did not err in refusing the proffered instruction. Point denied.

■ For his other point, defendant contends the trial court erred in refusing to admit two exhibits as business records of the St. Charles County Sheriff's office. The two exhibits were documents apparently prepared by State Highway Patrol personnel and sent to the St. Charles County Sheriff's office. Defendant argues that the records were admissible under § 490.680, the Uniform Business Records as Evidence Act, because the documents were in the sheriff's files.

In order to qualify a record under § 490.680, a "custodian or other qualified witness" must testify to (1) the record's identity, (2) the mode of its preparation, and (3) the fact that it was made in the regular course of business, at or near the time of the act, condition, or event. Here, the defendant attempted to qualify the exhibits through the testimony of a St. Charles County deputy sheriff, rather than a custodian or other qualified witness from the patrol. The deputy was not able to testify as to the mode of preparation of the exhibits, or that they were made in the regular course of business, at or near the time shown on the exhibits. Absent such a showing, the trial court did not err or abuse its discretion in refusing to admit the exhibits. *State v. Anderson,* 413 S.W.2d 161, 165 (Mo.Div. 1 1967); *Hamilton Music, Inc. v. York,* 565 S.W.2d 838, 840–841 (Mo.App.W.D.1978); *Farris v. Mitchell,* 745 S.W.2d 262, 265 (Mo.App.S.D.1988). Point denied.

The judgment is affirmed.

SATZ, P.J., and SMITH, J., concur.