**STATE of Missouri ex rel. R.J. GORDON, District Public Defender, Relator,**

v.

**The Honorable Richard D. COPELAND, Associate Circuit Judge, Circuit Court of Jasper County, Respondent.**

No. 17132.

Missouri Court of Appeals, Southern District, Division One.

Jan. 23, 1991.

Larry Maples, Asst. Public Defender, Joplin, for relator.

Trina J. Scott, Joplin, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

CROW, Judge.

Relator, the District Public Defender for an area that includes Jasper County, brings this original proceeding in prohibition seeking a writ barring respondent, an associate circuit judge of the Circuit Court of Jasper County, from compelling relator to represent a juvenile in a proceeding under § 211.031.1(3), RSMo Cum.Supp.1989. The juvenile, born January 2, 1975, allegedly violated § 570.030, RSMo 1986, on June 6, 1990, by stealing a motor vehicle owned by his father.

The petition in the juvenile proceeding was filed July 10, 1990. Summonses were issued to the juvenile and his parents commanding them to appear for a hearing on the petition August 14, 1990.

On July 23, 1990, this entry was made on the juvenile court docket sheet: "Court appoints Public Defender to represent said juvenile." That same day a court assistant notified relator by letter that he had been appointed by the court to represent the juvenile.

On August 8, 1990, an assistant public defender dispatched a letter to the juvenile's parents stating an evaluation had been made per § 600.086, RSMo 1986,[1] and

---

1. Section 600.086, RSMo 1986, reads:

"1. A person shall be considered eligible for representation under sections 600.011 to 600.048 and 600.086 to 600.096 when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that the person does not have the means at his disposal or available to him to obtain counsel in his behalf and is indigent as hereafter determined.

2. Within the parameters set by subsection 1 of this section, the commission may establish and enforce such further rules for courts and defenders in determining indigency as may be necessary.

3. The determination of indigency of any person seeking the services of the state public defender system shall be made by the defender or anyone serving under him at any stage of the proceedings and shall be subject to appeal to the court before which the case is pending. Any such person claiming indigency shall file with the court an affidavit which shall contain the factual information required by the commission under rules which may be established by the commission in determining indigency.

. . . .

5. The director or anyone serving under him may institute an investigation into the financial status of any person seeking the services of the state public defender system at such times as the circumstances shall warrant. In connection therewith he shall have the authority to require any person seeking

the defender had determined the juvenile "is not eligible for Public Defender Services." The letter continued:

> "If you feel that we are incorrect in saying you are not entitled to Public Defender Services, you can ask the Judge for a hearing concerning your eligibility. If the Judge grants you a hearing, you should bring proof of your monthly income and expenses to Court *and* bring an Attorney Information Sheet from at least two attorneys who state they will not represent you because you cannot meet their financial requirements. These financial requirements of the attorney should be set out in the Attorney Information Sheets enclosed.
>
> . . . ."

Copies of the letter were sent to the juvenile, the Jasper County Juvenile Office, and respondent.

On August 14, 1990, the juvenile, accompanied by his parents and an assistant public defender, appeared before respondent for the scheduled hearing. Also present were the chief juvenile officer, a deputy juvenile officer, and the lawyer for the juvenile office.

Respondent noted he had appointed relator to represent the juvenile July 23, 1990. Respondent asked the assistant public defender, "Are you declining that representation?"

The assistant public defender replied: "Yes, your Honor, and I would respectfully request permission to withdraw as counsel of record for [the juvenile]. After his parents filled out an application for services, we determined that they did not meet our guidelines for indigency and we sent them a declination card. I believe the purpose of

today's hearing is to determine and appeal that decision if I'm correct."

Respondent asked the juvenile's parents whether they intended to hire a lawyer for their son. The father answered: "If we have to, we will. It depends on what has to be done. I talked with Mike [2] after we got the letter and he said at that time not to."

Respondent thereupon questioned the juvenile about his assets. The juvenile revealed he was carrying no money, had none at home, and had no checking account or savings. He owned no vehicle, stocks, bonds, or other assets of significant value.

The assistant public defender then established, through testimony by the juvenile's parents, that the house where they reside is furnished by the father's employer. The father and mother own real estate in another locale worth $62,000, encumbered by a $42,000 lien. They have between $2,000 and $5,000 in a savings account, $300 to $400 in a checking account, and own stocks and mutual funds worth between $70,000 and $80,000. The father's gross monthly income is $1,440; the mother has monthly income of $1,698.

The juvenile's mother was asked whether she and her husband could hire a lawyer if relator was not appointed to represent their son. She answered, "Yes, we could afford it."

Respondent found the juvenile did not have funds to hire counsel but his parents were financially able to do so. Respondent determined, however, that inasmuch as the father owned the vehicle the son allegedly stole, the parents were victims and had no legal obligation to hire counsel for their son. Respondent denied the assistant pub-

the services of the state public defender system or the parents, guardians or other persons responsible for the support of a person seeking the services of the state public defender system who is a minor or those persons holding property in trust or otherwise for such person to execute and deliver such written authorization as may be necessary to provide the director or anyone serving under him with access to records of public or private sources, otherwise confidential, or any other

information which may be relevant to the making of a decision as to eligibility under this chapter. . . .

6. The burden shall lie on the accused or the defendant to convince the defender or the court of his eligibility to receive legal services, in any conference, hearing or question thereon."

**2.** Inferably Chief Deputy Juvenile Officer Michael D. Ricks.

lic defender's request to withdraw as counsel for the juvenile.

Relator thereupon commenced the instant proceeding in this Court. We issued a preliminary order in prohibition barring respondent from requiring relator to represent the juvenile until further order by us.

◼ Relator's brief presents two points relied on; the first is:

"Respondent exceeded his jurisdiction in holding an eligibility hearing to determine whether or not [relator] would be required to provide representation in the underlying case, because the court clearly had no jurisdiction to hold any hearing or make any determination as to the eligibility of the juvenile for public defender representation in that: (A) the Public Defender clearly is required by law to make the initial eligibility determination; (B) the Public Defender had done so and had found the juvenile to be ineligible; (C) no further determination by the court was authorized absent an appeal by the party found to be ineligible; (D) and the record shows that neither the juvenile nor his parents appealed [relator's] determination of non-eligibility."

We agree with relator that under § 600.086.3, RSMo 1986,[3] the public defender makes the initial determination of whether a person seeking public defender representation is indigent. *State ex rel. Shaw v. Provaznik*, 708 S.W.2d 337, 341[4] (Mo.App.1986).

We also agree with relator that he made a determination on that issue in the underlying case by letter of August 8, 1990.

Additionally, we agree with relator that the judiciary may intervene only upon appeal of that decision. § 600.086.3; *Shaw*, 708 S.W.2d at 341[4].

However, we reject relator's contention that no one appealed that decision. At the outset of the hearing August 14, 1990, the assistant public defender stated he believed its purpose was "to determine and appeal" relator's decision that the juvenile was ineligible for public defender services. The assistant public defender presented evidence about the assets and income of the juvenile's parents and argued to respondent that such evidence was relevant to the juvenile's eligibility for public defender representation.

While neither the juvenile nor his parents announced they were appealing relator's decision of August 8, 1990, it is obvious they also viewed the August 14, 1990, hearing as an appeal of that ruling. The juvenile's father stated he and his wife would hire a lawyer if they had to, a clear implication they were not treating relator's decision as final and were expecting respondent to decide whether relator had ruled correctly in declaring the juvenile ineligible for public defender representation.

We hold the proceeding of August 14, 1990, was an appeal from relator's determination of August 8, 1990, that the juvenile was ineligible for public defender representation. Indeed, the juvenile's eligibility for public defender services was the only issue addressed at the August 14 proceeding. Respondent was authorized by § 600.086.3, RSMo 1986, to decide that issue. Relator's first point is denied.

◼ Relator's second point maintains respondent exceeded his jurisdiction in holding the juvenile was entitled to public defender representation. Relator argues respondent applied "inappropriate eligibility standards" in that respondent (a) held the parents had no legal responsibility to hire a lawyer for their son, and (b) refused to consider the parents' financial situation in determining whether the juvenile was eligible for public defender services. Relator asserts, "[T]he law requires that the financial situation of the parents be taken into account and provides that legal representation is a necessary element of parental support."

Relator points to § 600.086.5, RSMo 1986,[4] which authorizes a public defender to require the parents, guardians or other persons responsible for the support of a minor seeking public defender services to

**3.** Footnote 1, *supra.*

**4.** Footnote 1, *supra.*

execute and deliver "such written authorization as may be necessary to provide the director or anyone serving under him with access to records of public or private sources, otherwise confidential, or any other information which may be relevant to the making of a decision as to eligibility." Relator says this clearly implies that those responsible for the support of a minor are also responsible to the extent of their ability to provide legal services for him.

The "State public defender system," § 600.011(7), RSMo 1986, is established by chapter 600, RSMo 1986, as amended. We find nothing in that chapter, as it presently exists, which disqualifies an indigent juvenile from public defender services if his parents are financially able to hire a lawyer. Such a provision did exist prior to April 1, 1982. It was § 600.073, RSMo 1978, which read:

"When any minor who is subject to the jurisdiction of a juvenile court as provided by chapter 211, RSMo, is brought before a juvenile court in connection with a proceeding where the minor is alleged to have violated a state law or is charged with delinquent behavior and appears without counsel, the judge shall advise such minor and his parents or guardian of the minor's right to be represented by counsel and that counsel will be appointed to represent the minor if neither the minor nor his parents or guardian are financially able to obtain counsel. If neither the minor nor his parents or guardian are able to obtain counsel, counsel shall be appointed. If the parents or guardian of the minor cannot be located, or if the minor is emancipated, or is without either parents or guardian, and if the minor is determined to be indigent, counsel shall be appointed."

That section was repealed by H.C.S.H.B. 1169, Laws of Missouri 1982, pp. 696–704, effective April 1, 1982. There is presently no provision in chapter 600 specifically addressing the subject of counsel for indigent juveniles in proceedings under chapter 211.

There are, however, these provisions in § 600.042, RSMo 1986:

"3. The director and defenders shall provide legal services to an eligible person:

. . . .

(4) For whom the federal constitution or the state constitution requires the appointment of counsel; and

(5) For whom, in case in which he faces a loss or deprivation of liberty, any law of this state requires the appointment of counsel.

. . . ."

In determining who is an "eligible person" within the meaning of § 600.042.3 (above), we look to § 600.011(6), RSMo 1986, which states:

" 'Eligible person' means a person who falls with[5] the financial rules for legal representation at public expense prescribed by section 600.086;"

Section 600.086, referred to in § 600.011(6) (above), appears earlier in this opinion.[6] Subsection 1 of § 600.086 states a person shall be considered eligible for public defender representation when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that he does not have the means at his disposal or available to him to obtain counsel in his behalf and is indigent as determined by the procedure spelled out thereunder. That procedure, as we have seen, is that the initial determination of indigency is made by the public defender, subject to appeal to the court before which the case is pending. § 600.086.3.

If the juvenile in the underlying case before respondent is found to come within the provisions of § 211.031.1(3), RSMo Cum.Supp.1989, respondent may commit him to a public agency or institution in which he will be deprived of liberty. § 211.181.3(2), RSMo Cum.Supp.1989.

---

**5.** The word "with" is evidently an error by the Revisor of Statutes. The word "within" appears in place of the word "with" in H.C.S.H.B. 1169, Laws of Missouri 1982, § 600.011(6), p. 698.

**6.** Footnote 1, *supra.*

Section 211.211, RSMo Cum.Supp.1989, states:

"1. A party is entitled to be represented by counsel in all proceedings.

2. The court shall appoint counsel for a child prior to the filing of a petition if a request is made therefor to the court and the court finds that the child is the subject of a juvenile court proceeding and that the child making the request is indigent.

3. When a petition has been filed, the court shall appoint counsel for the child when necessary to assure a full and fair hearing.

. . . .

8. When a petition has been filed, a child may waive his right to counsel only with the approval of the court.

. . . ."

Rule 116.01(j), Rules of Practice and Procedure in Juvenile Court (1990), states:

"Where the services of a public defender ... are available, the court may appoint counsel therefrom to represent any indigent juvenile.... In all cases where counsel is appointed for the juvenile, the court may assess a reasonable attorney fee and any reasonable and necessary expenses of counsel as costs in the case. In the discretion of the court such costs may be adjudged against the custodian of the juvenile ... or as otherwise provided by law."

Section 211.281, RSMo 1986, states:

"The costs of the proceedings in any case in the juvenile court may, in the discretion of the court be adjudged against the parents of the child involved ... and collected as provided by law...."

From the sources examined thus far regarding relator's second point we have learned: first, there is presently no provision in chapter 600 specifically addressing the subject of public defender representation of indigent juveniles in chapter 211 proceedings; second, § 600.042.3(5) requires the state public defender director to provide public defender representation to an eligible person for whom, in a case in which he faces deprivation of liberty, any Missouri law requires appointment of counsel; third, under § 600.086.1 a person is eligible for public defender representation when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that he does not have the means at his disposal or available to him to obtain counsel in his behalf and is indigent as determined by the statutory procedure; fourth, if the juvenile in the underlying case is found by respondent to come within § 211.031.1(3), respondent may commit him to an institution in which he will be deprived of liberty; fifth, § 211.211.2 requires a juvenile court to appoint counsel for a juvenile if a request for counsel is made and the court finds the child is the subject of a juvenile court proceeding and the child is indigent; sixth, Rule 116.01(j) states a juvenile court may appoint a public defender to represent an indigent juvenile where the services of a public defender are available, and authorizes the court to assess a reasonable attorney fee as costs against the juvenile's custodian; and seventh, § 211.281 authorizes a juvenile court to assess costs of a juvenile proceeding against the parents of the juvenile and to collect such costs as provided by law.

We have also seen that § 600.042.3(4) requires the state public defender director to provide public defender representation to an eligible person for whom the federal constitution requires the appointment of counsel.

*In re Gault*, 387 U.S. 1, 41, 87 S.Ct. 1428, 1451[19], 18 L.Ed.2d 527, 554[17] (1967), holds the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States requires appointment of counsel for an indigent juvenile in any proceeding to determine delinquency which may result in commitment to an institution in which his freedom is curtailed.

It follows that if the juvenile in the underlying case is an "eligible person" as defined by §§ 600.011(6) and 600.086.1, RSMo 1986, he is entitled to public defender representation under either of two subparagraphs in § 600.042.3, RSMo 1986.

The first is subparagraph "(4)," as the federal constitution—applied in *Gault*—requires appointment of counsel. The second is subparagraph "(5)," as the juvenile faces deprivation of liberty and Missouri law (§ 211.211.2, RSMo Cum. Supp.1989) requires appointment of counsel.

If, in the underlying case, the financial resources of only the juvenile are considered, and the financial resources of his parents are disregarded, the juvenile is indisputably an "eligible person" as statutorily defined. Relator does not contend otherwise. Relator's second point therefore hinges on whether, by reason of the parents' financial resources, the juvenile is not an "eligible person."

Subsection 2 of § 600.086, RSMo 1986,[7] provides that within the parameters set by subsection 1 of that section, the Public Defender Commission may establish and enforce "such further rules for courts and defenders in determining indigency as may be necessary."

The Public Defender Commission has promulgated 18 CSR 10–3.010 captioned "Guidelines for the Determination of Indigency."[8] Paragraph (2)(A) of 18 CSR 10–3.010 establishes a "Maximum Qualifying Income Scale" for determining indigency. Subparagraph 4 of paragraph (2)(A) provides: "The parent's income should be considered if they support the defendant and the defendant is under eighteen (18) years of age."

That provision, however, must be read in conjunction with § 600.086.1, RSMo 1986,[9] which provides a person is eligible for public defender representation when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that he does not have the means at his disposal or available to him to obtain counsel in his behalf.

If a juvenile is himself indigent but his parents have ample financial resources to employ counsel for him and they do so, the juvenile has means available to him to obtain counsel. Consequently, such juvenile would be statutorily ineligible for public defender representation. However, if for any reason the parents refuse to employ counsel for the indigent juvenile, the latter has no means at his disposal or available to him to obtain counsel.[10]

We do not imply that in determining whether an indigent juvenile is entitled to public defender representation his parents' financial resources should be ignored. If the parents of an indigent juvenile are willing to hire a lawyer for him, but if their assets are so minimal that the eligibility guidelines of 18 CSR 10–3.010 for public defender representation are nonetheless met, the juvenile would be entitled to such representation, thereby sparing his parents' resources for other uses.

Such circumstances, however, are not present in the underlying case. There the parents are financially able to hire a lawyer for their indigent son but had not done so at the time of the August 14, 1990, hearing. As we read § 600.086.1, RSMo 1986, if a juvenile does not have the means at his disposal or available to him to obtain counsel in his behalf he is eligible for public defender representation, and his eligibility is not forfeited where his parents are financially able to hire counsel for him but do not do so. Consequently, respondent did not exceed his authority in the underlying case by holding the juvenile is eligible for public defender representation.

Relator argues Missouri law requires a parent to supply "necessaries" for his minor child and that a lawyer is a "neces-

---

7. Footnote 1, *supra.*

8. We take judicial notice of the Code of State Regulations ("CSR"). § 536.031.5, RSMo Cum. Supp.1990.

9. Footnote 1, *supra.*

10. Denying an indigent juvenile appointed counsel where his parents are financially able to hire counsel for him but refuse to do so has been condemned in *In re L.G.T.,* 216 So.2d 54 (Fla. Dist.Ct.App.1968), and *Opinion of the Justices,* 121 N.H. 531, 431 A.2d 144, 148[5] (1981). By reason of our interpretation of § 600.086.1, RSMo 1986, *infra,* we need not address that subject.

sary" when a child is facing loss of liberty in a juvenile proceeding. Therefore, says relator, the parents of the juvenile in the underlying case should be required to hire a lawyer for him.

In support of this hypothesis relator cites *McNulty v. Heitman*, 600 S.W.2d 168 (Mo. App.1980), which holds a father has a duty to support his minor children in accordance with his means, and if he does not supply their necessities he is liable to one who furnishes them unless furnished gratuitously. *Id.* at 171–72. *McNulty* does not hold a juvenile court is empowered to compel the parents of an indigent juvenile to hire a lawyer for him in a juvenile proceeding. Even if a lawyer for the juvenile is a "necessary"—an issue we need not decide—all *McNulty* does is recognize a cause of action whereby a person who furnishes the juvenile "necessaries" can recover the expense from the juvenile's parents.

That is the scheme of Rule 116.01(j) and § 211.281, RSMo 1986, mentioned earlier. Where a public defender is appointed by a juvenile court to represent an indigent juvenile, the court is authorized to assess a reasonable attorney fee as costs, tax the costs against the juvenile's custodian, and collect the costs as provided by law. *See: Mo. Juvenile Law*, § 2.5 (Mo.Bar 1988).

We find no Missouri statute, court rule, or appellate decision holding a juvenile court has authority to compel the parents of an indigent juvenile to hire a lawyer for him in a proceeding where the juvenile may be deprived of his liberty. Relator's second point is denied.

Having found no merit in either of relator's points relied on, we hold respondent did not exceed his jurisdiction in (1) reversing relator's determination that the juvenile in the underlying case was ineligible for public defender representation, or (2) requiring relator to represent the juvenile. In so holding we are not oblivious of the case load borne by the public defender system. Our holding is limited to the circumstances here, i.e., an indigent juvenile in a proceeding under § 211.031.1(3), RSMo Cum.Supp.1989. The underlying case is not a proceeding under § 211.031.1(1), sometimes characterized a "neglect" proceeding, or a proceeding under § 211.031.1(2), sometimes characterized a "status offender" proceeding. We need not, and do not, address the subject of counsel for a juvenile in those types of proceedings.

In closing we observe nothing prevents respondent from explaining to the juvenile's parents in the underlying case that if they fail to provide their son the financial means to hire a lawyer, thereby resulting in his continued representation by relator, respondent is authorized to assess a reasonable attorney fee as costs and tax costs against them. Realizing this, the parents may choose to supply counsel for their son. Respondent need not, however, allow the underlying case to be stalled waiting for that to happen. Respondent's decision that relator shall represent the juvenile remains in effect, and respondent may proceed in timely fashion to adjudicate the underlying case.

The preliminary order in prohibition is quashed.

MAUS, P.J., and PREWITT, J., concur.