Michael LULEFF, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 61263.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 8, 1992.

See also, 781 S.W.2d 199; 807 S.W.2d 495.

Lew A. Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 29.15 motion. We affirm.

Movant was found guilty by a jury of second degree assault and armed criminal action. He was fined $5,000 and sentenced to a term of seven years for second degree assault and sentenced to a term of seven years for armed criminal action, with sentences to be served consecutively. On direct appeal we affirmed the convictions and sentences. *State v. Luleff,* 781 S.W.2d 199 (Mo.App.1989).

The evidence at trial revealed that on August 29, 1985, movant's wife was on the driveway outside her mother's home when movant approached her. The wife saw the barrel of a gun, which was wrapped up in something, in movant's hand. She swung her purse at him, and she fell or was pushed to the ground. Movant fired four shots at his wife. She received gunshot wounds to both arms and to her face.

On June 28, 1988, movant filed a *pro se* motion for postconviction relief. The motion court granted leave to file *in forma pauperis* and appointed the public defender to represent movant. The public defender did not make an entry of appearance on behalf of movant and no amended motion was ever filed. On August 15, 1989, the motion court denied movant's *pro se* motion without an evidentiary hearing, finding that movant's motion only stated conclusions and that movant failed to show how he had been prejudiced.

Movant appealed and, after a decision by this court to reverse and remand for appointment of new counsel, the supreme court granted transfer of the case. The supreme court held "that the appropriate forum for addressing claims regarding a complete absence of performance by postconviction counsel on a *motion for postconviction relief is in the circuit court where the motion is being prosecuted by movant."* *Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991). The case was remanded to the motion court to determine whether appointed counsel had performed as required by Rule 29.15(e) and, if not, whether the lack

of performance was appointed counsel's fault or movant's fault. *Id.* at 498.

On October 24, 1991, a hearing was held pursuant to the supreme court's remand. Testimony was received from movant and Tim Braun, Public Defender for the Eleventh Judicial Circuit at the time the motion court appointed counsel for movant. In its order, the motion court made the following Findings of Fact with regards to this testimony:

5. At the October 24, 1991 hearing, [movant] testified that:

a) [H]e had no contact with the St. Charles County Public Defender[.]

b) [H]e received notice from the Public Defender's Office in Columbia, Missouri, that he was represented[.]

c) [H]e received notice that his motion would be heard June 23, 1991[.]

6. At the October 24, 1991 hearing, Tim Braun, the Public Defender at the time of appointment of movant's counsel, testified that:

a) The pro-se motion was reviewed to ascertain whether sufficient facts were asserted.

b) The Public Defender's office was bound by Section 600.086 RSMo and the rules of the Public Defender Commission regarding eligibility for legal services.

c) [Movant] did not file with the Court an Affidavit which contained the factual information required by the Public Defender Commission.

d) The Public Defender's office learned that [movant] had transferred property valued at $57,000.00 to his mother for $1.00.

e) The Public Defender made a determination that [movant] was non-indigent.

f) Braun personally informed [movant] that he was ineligible for legal services and recommended [movant] hire private counsel.

g) [Movant] did not appeal the determination or file a complaint with the State Public Defender's Commission.

h) [Movant] was found to be non-indigent by the Montgomery County Circuit Court in *State v. Luleff,* CR3–85–3F.

i) The Missouri Court of Appeals, Eastern District, in *State ex rel. Tanzy [Tanzey] v. Richter,* 762 S.W.2d 857 (Mo.App.1989), issued a writ of prohibition preventing the Montgomery County Court from appointing the Public Defender to represent [movant] because he had the means at his disposal or available to him to obtain counsel on his behalf and was non-indigent.

The motion court found that appointed counsel had not abandoned movant and that counsel's performance was the result of movant's actions or inactions. In its Conclusions of Law, the motion court noted the following with respect to the performances of movant and appointed counsel:

5. The Public Defender's performance included:

a) reviewing the *pro-se* motion to ascertain whether sufficient facts were asserted.

b) investigating [movant's] eligibility for Public Defender representation. *See* Section 600.086.1, R.S.Mo.

c) notifying [movant] that he was ineligible for Public Defender representation.

d) advising [movant] on his case and recommending he retain private counsel.

6. [Movant's] performance included:

a) transferring property to avoid a finding of non-indigency[.] *State v. Luleff,* CR3–85–3F.

b) not filing with the Court the affidavit required by the Public Defender. *See* Section 600.086.3, RSMo.

c) not filing an appeal to the Court before which the case was pending. *See* Section 60[0].086.3, RSMo.

d) not retaining private counsel.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review

of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

 Movant, in his sole point on appeal, claims that the trial court erred in finding that the lack of participation by counsel was movant's fault,

> because the record displays a complete absence of any activity by counsel after the circuit court's appointment of counsel, and if counsel believed [movant] was not indigent and not entitled to representation by the public defender, counsel should have placed this determination on the record by filing an appropriate withdrawal with the court in response to its order of appointment and sending [movant] notification of the filing of such motion.

We disagree.

The procedure to determine a person's eligibility for representation by a public defender is contained in § 600.086, RSMo 1986, of the enactment on public defenders. The relevant portions of § 600.086 are as follows:

> 1. A person shall be considered eligible for representation ... when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that the person does not have the means at his disposal or available to him to obtain counsel in his behalf and is indigent as hereafter determined.
>
> * * *
>
> 3. The determination of indigency of any person seeking the services of the state public defender system shall be made by the defender or anyone serving under him at any stage of the proceedings and shall be subject to appeal to the court before which the case is pending. Any such person claiming indigency shall file with the court an affidavit which shall contain the factual information re-

quired by the commission under rules which may be established by the commission in determining indigency.

 * * *

> 6. The burden shall lie on the accused or the defendant to convince the defender or the court of his eligibility to receive legal services, in any conference, hearing or question thereon.

Section 600.086 makes it clear that it is the initial responsibility of the public defender to determine eligibility under Chapter 600. *State ex rel. Shaw v. Provaznik*, 708 S.W.2d 337, 341 (Mo.App.1986). "The judiciary is to intervene only upon appeal of the public defender's adverse decision." *Id.*

 In the present case the Public Defender for the Eleventh Judicial Circuit determined that movant was not indigent and informed movant that his office would not provide representation.[1] Movant did not file the affidavit required by § 600.086, nor did he contest the public defender's finding of nonindigency. Thus the motion court's finding that counsel's lack of performance was due to movant's actions or inactions was not clearly erroneous. Point denied.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur.

---

1. As to movant's contention that the public defender was required to file a withdrawal from the case with the motion court, we find that such procedure was unnecessary because the public defender never entered an appearance on behalf of movant. "There is no statutory authority for the direct appointment of a public defender by a trial judge based on indigency." *State ex rel. Shaw v. Provaznik* at 341.